**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In re: DONALD RAY GIBSON and SANDRA MAE GIBSON,<br><br>    Debtors,<br><br>---<br><br>DONALD RAY GIBSON; SANDRA MAE GIBSON,<br><br>    Appellants,<br><br>  v.<br><br>STEVEN M. SPEIER, Trustee; JURUPA VALLEY SPECTRUM,<br><br>    Appellees. | No. 11-60057<br><br>BAP No. 11-1028<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Kirscher, and Dunn, Bankruptcy Judges, Presiding

Submitted July 24, 2013[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Donald Ray and Sandra Mae Gibson appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order approving a compromise agreement between creditor Jurupa Valley Spectrum ("Jurupa") and trustee Speier. We have jurisdiction under 28 U.S.C. § 158. We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by approving the compromise agreement because the record supports its conclusion that the compromise was fair and equitable. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380, 1383 (9th Cir. 1986) (setting forth standard of review, explaining that the bankruptcy court's failure to make specific findings does not constitute an abuse of discretion where the record supports approval of the compromise agreement, and noting that a court may approve a compromise agreement only where it is fair and equitable); *see also United States v. Alaska Nat'l Bank of the N. (Matter of Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (in approving a compromise agreement, "[t]he bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim").

11-60057

The Gibsons' contentions that Speier was biased in favor of Jurupa is unpersuasive.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**